## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CAROLYN JOHNSON,**                                             **CIVIL DOCKET**
    **Plaintiff**

**VERSUS**                                                         **NO.  20-838**

**ALLSTATE FIRE AND CASUALTY**              **SECTION: "E" (5)**
**INSURANCE CO. ET AL,**
    **Defendants**

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Carolyn Johnson.[1] For the following reasons, the motion is **GRANTED**.

### BACKGROUND[2]

On January 24, 2020, Plaintiff Carolyn Johnson filed an action in state court against Defendants, Allstate Fire and Casualty Insurance Co. ("Allstate"), Amica Mutual Insurance Co. ("Amica"), Michael Lamonica, and Progressive Paloverde Insurance Co. ("Progressive"),[3] for injuries arising out of automobile accident that occurred on February 12, 2019 when Michael Lamonica collided with a vehicle in which Plaintiff was a passenger. [4] Amica and Allstate each provided insurance policies to Lamonica. [5] Progressive provided an uninsured/underinsured motorist insurance policy to Plaintiff.[6]

---

[1] R. Doc. 7. Defendants, Amica Mutual Insurance Company and Michael Lamonica, filed an opposition. R. Doc. 13. Plaintiff filed a reply. R. Doc. 14.
[2] The facts recited herein are as alleged in Plaintiff's state court petition. R. Doc. 1-1.
[3] R. Doc. 1-1.
[4] *Id.* at ¶¶ II-IV.
[5] *Id.* at ¶¶ VII-VIII.
[6] *Id.* at ¶ IX.

As conceded in the Notice of Removal, all defendants were served with Plaintiff's petition on February 11, 2020.[7]

On March 10, 2020, Amica and Michael Lamonica (collectively, the "Removing Defendants") removed this case to federal court.[8] They contend federal subject matter jurisdiction is proper under 28 U.S.C. § 1332.[9] In their Notice of Removal, the Removing Defendants provide:

> All defendants who have been properly served consent to the removal of this case to federal court except for Progressive Paloverde Insurance Company who we made efforts to contact but did not receive a response.[10]

No written consent to removal from Allstate was attached to the Notice of Removal.

On April 9, 2020, Plaintiff filed the instant Motion to Remand.[11] Plaintiff argues the case must be remanded to state court because the Removing Defendants "seek to invoke this Court's jurisdiction based on the unsupported allegation in their Notice of Removal that 'the amount in controversy exceeds $75,000.00, excluding interest and costs,' in accordance with 28 U.S.C. §1332(a)," and, further, "the removing Defendants failed to secure the consent of all Defendants prior to filing their Removal."[12] With respect to the consent issue, the Removing Defendants contend they timely obtained the consent of all defendants to removal because "[r]ight after Defendants filed their Notice of Removal on March 10, 2020, Defendants' counsel received a phone call from Progressive's counsel stating that they consented to the removal."[13] In her reply, Plaintiff notes "[n]o specific facts are provided to the Court, nor any affidavit, correspondence, or

---

[7] R. Doc. 1 at ¶ IV.
[8] R. Doc. 1.
[9] *Id.* at ¶¶ IV-XIII.
[10] *Id.* at ¶ XIV.
[11] R. Doc. 7.
[12] R. Doc. 7-1 at 1. Plaintiff does not dispute that complete diversity exists.
[13] R. Doc. 13 at 7.

other evidence in support of Defendants' efforts or circumstances concerning why they were unable to secure Progressive's consent."[14]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[15] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[16] Federal law allows for state civil suits to be removed to federal courts in certain instances.[17] Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[18]

In this case, Plaintiff argues the Removing Defendants failed to comply with the removal requirements set forth in 28 U.S.C. § 1446(b). Section 1446(b) provides, in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[14] R. Doc. 14 at 3.
[15] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[16] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[17] *See* 28 U.S.C. § 1441.
[18] *Id.* § 1441(a).

(2)

> (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.[19]

## LAW AND ANALYSIS

As provided above, § 1446(b) permits a case to be removed within the requisite thirty-day limitations period if "all defendants who have been properly joined and served . . . join in or consent to the removal of the action."[20] Because the exercise of removal jurisdiction raises significant federalism concerns, courts construe the requirements of § 1446(b) strictly.[21]

In line with this strict construction, the Fifth Circuit interprets § 1446(b)(2)(A) as requiring that, in suits with more than one defendant, all served and properly joined defendants must consent to removal.[22] Accordingly, a failure of all defendants who have been served to timely consent to removal renders the removal defective.[23] Under this "rule of unanimity," it is not necessary for each defendant to sign the original petition for removal.[24] However, as the Fifth Circuit explained in *Getty Oil Corp. v. Ins. Co. of N.A.*, each defendant must "itself" consent to removal and "there must be some timely filed *written* indication from each served defendant, or from some person or entity purporting

---

[19] 28 U.S.C. § 1446(b)(1)-(2)(B).
[20] *Id.*
[21] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).
[22] *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986)).
[23] *Id.*
[24] *Id.*

to formally act on its behalf in this respect and to have authority to do so."[25] "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[26]

There are several exceptions to the general rule requiring all defendants to join in or consent to removal, including: "(1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."[27] If a removing defendant claims one of these exception applies, the defendant must include in its notice of removal "the reason why a defendant named in such action has not joined the petition for removal."[28] "A petition for removal filed by less than all defendants is considered defective if it does not contain an explanation for the non-joinder of those defendants."[29]

Written indication of consent to removal is "untimely" if it is not provided within the thirty-day limitations period set forth in § 1446(b). The Fifth Circuit has recognized that the timeliness requirement set forth in § 1446(b) may only be excused under "exceptional circumstances."[30] "[T]hose instances where [the Fifth Circuit] has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff[s'] conduct, and not untimely consent to removal by a defendant."[31] Indeed, as another section of this court has observed, "[t]he

---

[25] *Id*. at 1262 n.11 (emphasis added).
[26] *Id*.
[27] *Courtney v. Benedetto*, 627 F. Supp. 523, 526 (M.D. La. 1986) (citing *Mason v. International Business Machines & RTKL*, 543 F. Supp. 444, 446 n.1. (M.D.N.C. 1982); *Albonetti v. GAF Corporation—Chemical Group*, 520 F. Supp. 825, 827 (S.D. Tex.1981)).
[28] *Id*. (citations omitted).
[29] *Id*. (citations omitted).
[30] *Getty Oil*, 841 F.2d at 1263 n. 12 (citations omitted).
[31] *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings."[32]

In this case, the Removing Defendants contend "[r]ight after Defendants filed their Notice of Removal on March 10, 2020, Defendants' counsel received a *phone call* from Progressive's counsel stating that they consented to the removal." [33] However, the Removing Defendants have provided no *written* indication showing Progressive *itself* consented to removal, as required by *Getty Oil*. Likewise, "nothing in the record, except [the Removing Defendant's] unsupported statement in the original removal petition, indicates that [Allstate] actually consented to removal when the original petition was filed." [34] In *Getty Oil*, the Fifth Circuit expressly held a removing defendant's mere assertion in its notice of removal that its codefendant consented to removal is insufficient to satisfy the writing requirement. [35] Without written indication of consent from Progressive and Allstate, "there [is] nothing on the record to 'bind' the allegedly consenting [non-removing] defendant[s]," [36] and the Court can only speculate as to whether Progressive and Allstate actually gave consent to the removal. Such speculative compliance with § 1446(b) clearly does not comport with a strict construction of the requirements of § 1446(b).

To be certain, Allstate and Progressive were indeed required to give their written consent to removal, as none of the exceptions to the general rule requiring all defendants

---

[32] *Alford v. Chevron U.S.A. Inc.*, Civil Action No. 13–5457, 2014 WL 37600, at *7 (E.D. La. Jan. 6, 2014) (citing *Turner v. Mine Safety Appliances Co.*, No. 01–0325, 2001 WL 456351, at *3 (E.D. La. Apr. 27, 2001); *Prescott v. Mem'l Med. Center–Livingston*, No. 9:00CV–0025, 2000 WL 532375, at *5 n. 8 (E.D. Tex. Mar.25, 2000)).
[33] R. Doc 13 at 7 (emphasis added).
[34] *See Getty Oil*, 841 F.2d at 1262 n.11.
[35] *Id.*
[36] *See id.*

6

to join in or consent to removal apply in this case. The Removing Defendants concede the non-joining defendants, Progressive and Allstate, were served with service of process at the time the Notice of Removal was filed.[37] Further, the Removing Defendants do not contend, nor would it be accurate to say, that either Progressive or Allstate is merely a nominal defendant. Finally, the removed claims are not separate and independent claims as defined by 28 U.S.C. § 1441(c).

Additionally, no "exceptional circumstances" warrant excusal from the timeliness requirement imposed by § 1446(b), as nothing in the record reflects—nor do the Removing Defendants allege—that dilatory tactics on the part of Plaintiff such as bad faith or forum manipulation prevented the Removing Defendants from timely obtaining Allstate's or Progressive's timely written consent to removal.

In their opposition to the Motion to Remand, the Removing Defendants argue that, if the Court finds they did not timely obtain Progressive's consent, "then Defendants can still show that they affirmatively explained why it failed to receive Progressive's consent in their Notice of Removal, which is all that is required under federal law."[38] In support of their position, the Removing Defendants cite as support *P-Nut Carter's Fireworks, Inc. v. Carey*.[39] *P-Nut* involved one of the three exceptions to the general rule requiring all defendants to join in or consent to removal, discussed *supra*. The *P-Nut* court explained that, in order to fit within the nominal defendant exception, removing defendants "must affirmatively explain the absence of his codefendant in the removal petition; otherwise,

---

[37] R. Doc. 1 at ¶ IV.
[38] R. Doc. 13 at 7.
[39] 685 F. Supp. 952, 953 (D.S.C. 1988).

the removal petition is rendered defective."[40] As discussed above, the Removing Defendants in this case do not allege, nor would it be to say accurate, that either Progressive or Allstate is a nominal defendant. As a result, the *P-Nut* case is inapplicable in this case.

Even assuming the Removing Defendants are correct that this case was otherwise removable, the Removing Defendants cannot cure the written consent deficiency by now amending their Notice of Removal. The right to amend removal petitions to show jurisdiction "after the thirty day period set forth in 28 U.S.C. § 1446(b) is considered limited and cannot be used to cure 'a substantial defect in removal proceedings.'"[41] "[F]ailure to join in or consent to removal [after the lapse of the thirty-day period under 1446(b)] [is] a substantial defect in the removal proceeding."[42] In this case, the petition was served on defendants on February 11, 2020, and, as a result, the thirty-day limitations period under § 1446(b) has lapsed. The Removing Defendants failed to file any written indication of Allstate's or Progressive's consent to removal before the expiration of the thirty-day period, or anytime thereafter. Because the thirty-day limitations period under § 1446(b) has lapsed, the Removing Defendants are not entitled to amend their Notice of Removal to provide written indication of Allstate's and Progressive's consent to removal, assuming any such writings exist.[43]

Accordingly;

---

[40] *Id.* (citations omitted) (remanding a case to state court, explaining the removing defendant failed to "affirmatively explain the absence of his codefendant in the removal petition" and "a timely cure of the petition has not been made within the thirty-day period provided for in 28 U.S.C. § 1446").

[41] *Courtney*, 627 F. Supp. at 527 (quoting *Mason*, 543 F. Supp. at 446).

[42] *Id.*

[43] Because the Court finds remand appropriate on the ground that the unanimous consent requirement of § 1446(b)(2)(A) is not satisfied, the Court need not address Plaintiff's other ground for remand, failure to demonstrate the amount-in-controversy exceeds $75,000, as required under 28 U.S.C. § 1332.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand[44] this case to state court is hereby **GRANTED**.

**New Orleans, Louisiana, this 21st day of May, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 7.